UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUELINE SOFTWARE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYSTEMS AMERICA, INC., et al., <br><br> Defendants. | Case No. 17-cv-01960-EMC <br><br> **ORDER GRANTING DEFENDANT SYSTEM AMERICA'S MOTION TO DISMISS UNFAIR COMPETITION CLAIM AND REQUEST TO STRIKE DEMAND FOR PUNITIVE DAMAGES** <br><br> Docket No. 31 |

Defendant Systems America, Inc. ("Systems America") moved to dismiss Plaintiff Blueline Software Services, Inc.'s ("Blueline") third cause of action for unfair competition under Rule 12(b)(6) and to strike Blueline's request for punitive damages under Rule 12(f). For the reasons stated at the hearing and as supplemented herein, the Court **GRANTS** the motion.

A.  Motion to Dismiss Unfair Competition Claim

Under Rule 12(b)(6), the Court assumes all allegations of material fact as true, construes them in favor of Plaintiff, and may dismiss a claim when the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation and quotation omitted).

At the hearing, Plaintiff confirmed it brings only a California common law claim for unfair competition. It disavowed any such theory based on misappropriation of confidential information and confirmed it will proceed only on an intentional interference with prospective economic advantage theory. *See Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 1341-42 (1990) (interference with prospective economic advantage and misappropriation are two types of claims that may be brought under umbrella of unfair competition). To the extent Plaintiff's theory

was premised on Systems America's interference with an economic relationship represented by a contract between Plaintiff and Systems America, that theory is foreclosed. *See Woods v. Fox Broadcasting Sub., Inc.*, 129 Cal.App.4th 344, 350 (2005) (holding that "a party to the plaintiff's contract cannot be liable" for various business torts, including interference with prospective economic advantage); *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal.4th 503, 514-18 (1994).

Plaintiff later asserted that Systems America interfered with its economic relationship with Defendant Mukunda. That theory, however, was not plead. Moreover, Plaintiff did not adequately plead causation. *See Young v. Long.*, 43 Cal.3d 64, 71 n.6 (1987) (elements of prospective economic advantage claim include "intentional acts on the part of the defendant designed to disrupt the relationship," "actual disruption of the relationship," and "economic harm to the plaintiff proximately caused by the acts of the defendant"). Plaintiff's verified complaint alleges that Systems America "solicit[ed], encourag[ed], and/or induc[ed] Mukunda to continue his assignment at Infosys *after* [not before] his resignation from Blueline." Compl. ¶ 43 (emphasis added). There are no allegations that Systems America acted to "disrupt" Plaintiff's relationship with Mukunda before he resigned, and thus none that would support proximate causation of the purported harm.

At the hearing, Plaintiff was unable to identify any facts presently known or on which Plaintiff could on a good faith basis allege that Systems America committed any allegedly disruptive acts prior to Mukunda's resignation. In light of the verified allegation that Systems America's actions occurred *after* the resignation and Plaintiff's apparent concession it could not allege otherwise at this time, Plaintiff must seek leave of Court to assert this new theory of interference with prospective economic advantage.

B. <u>Motion to Strike</u>

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Systems America argues that punitive damages are precluded by law and therefore "impertinent" and "immaterial." The Ninth Circuit rejects that notion, and has held that Rule 12(f) is not an

appropriate vehicle for removing requests for punitive damages where precluded by law. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). However, the Court will review the request under Rule 12(b)(6). *See Powell v. Wells Fargo Home Mortgage*, 2017 WL 2720182, at \*6-7 (N.D. Cal. Jun. 23, 2017).

Punitive damages are not available on Plaintiff's contract causes of action against Systems America, counts one and two. *See* Cal. Civ. Code § 3294(a) (punitive damages only available in actions "not arising from contract"); *Purcell v. Schweitzer*, 224 Cal.App.4th 969, 976 (2014) (same). Although they would be available under a common law unfair competition claim, *see Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996), that claim has been dismissed. Moreover, Plaintiff fails to allege that Systems America acted with "oppression, fraud, or malice," Cal. Civ. Code § 3294(a), or that Systems America "ratified the wrongful conduct . . . on the part of an officer, director, or managing agent of the corporation." *Id.* § 3294(b). Accordingly, Plaintiff's prayer for punitive damages against Systems America is dismissed.

C. Conclusion

Plaintiff's third cause of action for unfair competition against Systems America is **DISMISSED**. Plaintiff's prayer for punitive damages against Systems America is **DISMISSED**. Plaintiff must seek leave of the Court to amend the complaint to reassert either claim. Plaintiff's contract causes of action against Systems America (counts one and two), tort cause of action against Defendant Mukunda (count four), and prayer for relief for punitive damages from Defendant Mukunda remain in the case (he has not moved to dismiss the claim for punitive damages).

This order disposes of Docket No. 31.

**IT IS SO ORDERED**.

Dated: October 13, 2017

_____
EDWARD M. CHEN
United States District Judge